ORDERED.

**Dated: October 01, 2026**

Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION

In re:
LINDA RENEE SIPLIN-PERRY

Debtor /

CASE NO: 3:25-bk-04372-JAF
Chapter 13

**ORDER DISMISSING CHAPTER 13 CASE**
(THIS ORDER IS EFFECTIVE ON THE 15TH DAY FOLLOWING DATE OF ENTRY)

THIS CASE came on for consideration for the purpose of entering an appropriate order following the failure of the Debtor(s) to comply with the Order of the Court dated August 28, 2026 (DE 42).

Accordingly, it is

**ORDERED**:

1. All references to “Debtor” shall include and refer to both of Debtors in a case filed jointly by two individuals.

1. The case is dismissed without prejudice effective on the 15th day following the date of entry of this Order.

2. If the automatic stay imposed by 11 U.S.C. §362(a) or the stay of an action against a codebtor under 11 U.S.C. §1301 is in effect at the time this Order is entered, the automatic stay shall remain in effect for 14 days from the date of this Order, notwithstanding the provisions of 11 U.S.C. § 362(c)(2)(B).

**3. Debtor may convert this case to a case under another chapter of the Bankruptcy Code within 14 days of the date of this Order. If the case is not converted within 14 days, the case is dismissed effective on the 15th day after the date of entry of this Order.**

4. If the Debtor files a motion to vacate or for the reconsideration of the Order Dismissing the Case within 14 days of the date of this Order, the automatic stay imposed by 11 U.S.C. §362 and the stay of action against co-debtor by 11 U.S.C. §1301 will remain in full force and effect until the Court rules on the motion.

5. All pending motions are denied and all pending hearings are canceled except for the following, over which the Court retains jurisdiction: (a) motions for relief from stay that (i) were scheduled for hearing within 14 days of the date of this Order, or (ii) request an order binding upon the Debtor in subsequently filed cases; (b) any pending order to show cause for dismissal with prejudice; and (c) motions for sanctions arising from alleged violations of the automatic stay.

6. Notwithstanding any other Court orders, subject to the provisions of Paragraph 7 and as soon as practicable, the Trustee shall refund to Debtor, or if the debtor is represented by an attorney, to the debtor in care of the debtor's attorney, any undisbursed funds in the Trustee's possession after subtracting (a) any Trustee's Statutory Percentage Fee not previously disbursed, and (b) any allowed unpaid administrative expense claims, including Debtor's attorney's claim for fees, from the amount refunded to the Debtor. The Trustee may remit payment to the holders of allowed administrative expense claims directly to the holders.

7. Applications for unpaid administrative expense claims, including applications for Debtor's attorney's fees, must be filed no later than 14 days after entry of this Order. Applications may be filed using the negative notice provisions of Local Rule 2004-2. No application is necessary for fees previously awarded by the Court.

8. Debtor, the Trustee, or any party in interest may, within 14 days of the date of this Order, file a motion requesting the Court to examine the fees paid to Debtor's attorney and for the disgorgement of any portion of the fees deemed excessive. The Court shall retain jurisdiction for this purpose.

Copies furnished to:
All Interested Parties

Trustee, Douglas W. Neway is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.